74 F.3d 1247
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lourdes SALZER, Defendant-Appellant.
 No. 95-50174.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1996.*
Decided Jan. 16, 1996.
 
 Before: BRIGHT**, SKOPIL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Lourdes Salzer was convicted of possessing and importing sixty pounds of marijuana from Mexico into the United States. She contends on appeal that the district court erred by (1) disclosing her witness list to the government, and (2) excluding certain proffered expert testimony. We conclude that no reversible error occurred. We affirm.
 
 1. Disclosure of Witnesses
 
 3
 The district court disclosed the names of Salzer's potential witnesses following her ex parte request for court-issued subpoenas. The court explained to counsel that the witnesses were properly disclosed in anticipation of voir dire where prospective jurors were asked whether they knew potential witnesses. We agree with the district court that no error occurred. Courts have an obligation on voir dire to ask questions reasonably sufficient to test jurors for bias or partiality. See United States v. Dischner, 974 F.2d 1502, 1522 (9th Cir.1992), cert. denied, 503 U.S. 975 (1993). A trial court may abuse its discretion by failing to ask prospective jurors whether they know potential witnesses. See United States v. Baker, 10 F.3d 1374, 1403 (9th Cir.1993), cert. denied, 115 S.Ct. 330 (1994); United States v. Nielsen, 1 F.3d 855, 859 (9th Cir.1993), cert. denied, 114 S.Ct. 1410 (1994).
 
 2. Exclusion of Expert Testimony
 
 4
 The district court excluded certain testimony offered by Salzer's expert based on its pretrial order barring evidence of drug courier profiles. Salzer argues that the proffered testimony should not have been excluded because the government opened the door during direct examination of its own expert witness. Specifically, she contends that the government expert's testimony regarding the risks associated with importing drugs should have allowed her to present her own expert testimony regarding how those risks are eliminated by the use of "blind mules" or "dupes."
 
 
 5
 We reject this contention. The evidentiary door was not opened by the government expert's explanation of why risk drives up the price of imported drugs. The district court was correct that Salzer's attempt to introduce her expert's opinion flew directly in the face of her successful motion to exclude drug courier profile evidence. The court did not abuse its discretion by excluding the proffered evidence. See United States v. Quintero, 21 F.3d 885, 893 (9th Cir.1994).
 
 
 6
 Salzer nevertheless argues that her expert's opinion was relevant to her defense and would have assisted the jury to understand her defense. The district court, however, repeatedly ruled that the proffered evidence would not aid the jury. A court is entitled to exclude even relevant expert testimony when the court concludes that such testimony will not assist the trier of fact in drawing its own conclusion as to a fact in issue. See United States v. Rahm, 993 F.2d 1405, 1411 (9th Cir.1993).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Myron H. Bright, Senior United States Circuit Judge, Eighth Circuit Court of Appeals, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3